UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SUNGROVE CO., LTD., | Case No. 22-mc-80225-JSC<br><br>**ORDER RE: SECTION 1782 APPLICATION**<br><br>Re: Dkt. No. 1 |

Sungrove Co., Ltd., has filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) Sungrove seeks an order allowing it to issue a subpoena to obtain discovery from Automattic seeking information regarding an anonymous blog author named "sagimetsu2" to aid foreign litigation in Japan. The Court previously granted a Section 1782 application by Sungrove seeking discovery from Automattic regarding an anonymous blog author named "sagimetsu." *See In Re: Ex Parte Application of Sungrove Co., Ltd*., No. 22-80036 JSC, Dkt. No. 20. Sungrove alleges that the same individual is now posting similarly defamatory information under the pseudonym "sagimetsu2." Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

**BACKGROUND**

Sungrove is a Japanese corporation, whose primary business is providing clients with website creation and search engine optimization services. (Dkt. No. 1-1 at ¶¶ 2-3.) Sungrove contends that an anonymous blog author using the pseudonym "sagimetsu2" created a WordPress website titled "In regard to Sungrove." (Dkt. No. 1-1 at ¶ 7; Dkt. No. 1-1 at 12; Dkt. No. 1-3 at 3.) WordPress is owned by Automatic. The post begins "[t]his is how I was 'lawfully defrauded' scrupulous methods targeting sole proprietors, although the business agreed to a refund, 'if you

1  disclose information online, 1,000,000 Yen for breach of contract.'" (Dkt. No. 1-3 at 3-4.) This
2  post is nearly identical to a post on a similar WordPress website posted by an anonymous blog
3  author using the pseudonym "sagimetsu."
4       In *In Re: Ex Parte Application of Sungrove Co., Ltd.*, No. 22-80036 JSC, the Court granted
5  Sungrove's Section 1782 application seeking discovery from Automattic regarding the identity of
6  the anonymous blogger "sagimetsu." *Id.* at Dkt. Nos. 17, 20. The Court's order there set forth in
7  greater detail the background regarding the anonymous post and the suspected author and is
8  incorporated here by reference. *Id.* at Dkt. No. 17. As in the prior action, Sungrove seeks
9  discovery to assist it in bringing a civil defamation claim against the anonymous blog author.
10 (Dkt. No. 1-1 at ¶¶ 27-28.)

**LEGAL STANDARD**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the

2

1   subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial
2   Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 LB, 2015 WL
3   1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order);
4   *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice
5   of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014)
6   (same).

7       "A district court's discretion is to be exercised in view of the twin aims of [Section] 1782:
8   providing efficient assistance to participants in international litigation, and encouraging foreign
9   countries by example to provide similar assistance to our courts." *Nat'l Ct. Admin. of the Republic
10  of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376
11  F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information
12  sought would be discoverable under the foreign court's law or that the U.S. would permit the
13  discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

## DISCUSSION

15      As with its prior Section 1782 application seeking discovery regarding a nearly identical
16  blog post, Sungrove's application satisfies the minimum requirements of Section 1782. First,
17  Automattic's principal place of business is in San Francisco, California which is within the
18  Northern District of California. (Dkt. No. 1-2 at ¶ 7.) Second, although the discovery is not sought
19  for a proceeding presently pending before a foreign tribunal, Sungrove has shown a "reasonable
20  contemplation" of litigation. *See Intel*, 542 U.S. at 259. Third, Section 1782 plainly states that
21  discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28
22  U.S.C. § 1782(a). Sungrove—as the prospective litigant—has a "reasonable interest" in obtaining
23  judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See
24  Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, the
25  instant ex parte application is an acceptable method of requested discovery under Section 1782.
26  *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

27      The Court also finds good cause to exercise its discretion to authorize the requested
28  discovery and adopts the reasoning set forth in its prior order. *In Re: Ex Parte Application of*

*Sungrove Co., Ltd.*, No. 22-80036 JSC, Dkt. No. 17.

## CONCLUSION

For the reasons described above, the Court GRANTS the 1782 application.

This Order does not foreclose a motion to quash or further modify the subpoena by Automattic, following service or by the Automattic account holder or account user whose identifying information is sought. The Court orders Sungrove and Automattic to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Sungrove must also serve a copy of this order and the Court's orders in *In Re: Ex Parte Application of Sungrove Co., Ltd.*, No. 22-80036 JSC, Dkt. Nos. 17, 20, on Automattic.
2. Within 10 calendar days of service of the subpoena and the order, Automattic shall notify the account holder(s) or account user(s) within the scope of the subpoena that their identifying information is sought by Sungrove and shall serve a copy of this order and the Court's orders in *In Re: Ex Parte Application of Sungrove Co., Ltd.*, No. 22-80036 JSC, Dkt. Nos. 17, 20, on each such person.
3. Automattic and/or any person whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).
4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Automattic in writing of any objections he or she has to disclosure of the information and the bases for any such objections. Within 10 days of receipt of any such objections, Automattic shall so advise the Court.
5. If any person contests the subpoena or objects to any portion of it, Automattic shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.
6. Any information Sungrove obtains pursuant to the subpoena may be used only for

purposes of the anticipated action for defamation, and Sungrove may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

This Order disposes of Docket No. 1.

**IT IS SO ORDERED.**

Dated: September 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

5